UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAYTON E. BUTSCH,<br><br>                Petitioner,<br><br>    v.<br><br>JASON BENNETT ,<br><br>                Respondent. | CASE NO. 2:24-cv-00482-JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

Petitioner is prisoner at the Stafford Creek Corrections Center serving a prison sentence for his November 2005 Snohomish County Superior Court criminal convictions and sentences for First Degree Murder with a Firearm Enhancement and Second-Degree Possession of a Firearm in case number 04-1-00212-0. *See* Habeas Petition, Dkt. 9 at 1 and *Butsch v. Fraker*, 2:12-cv-00064-JLR (habeas petition).

Petitioner filed a *pro se* pleading using a form "Petition For Writ of Habeas Corpus Under 28 U.S.C. §2241 and an application to proceed *in forma pauperis*. Dkt. 1, 9. The assigned District Judge adopted the report and recommendation that Petitioner be denied *in forma pauperis* status, Dkt. 5 on April 16, 2024. On April 24, 2024, Petitioner paid the $5.00 filing fee, and also filed motions to proceed *in forma pauperis* and to "Waive" the findings made in the

REPORT AND RECOMMENDATION - 1

report and recommendation. Dkts. 6, 7. On April 25, 2024, the assigned District Judge denied these motions and referred Petitioner's habeas petition to the undersigned.

Petitioner's § 2241 habeas petition raises one ground for relief: "Unlawful Seizure – Fourth Amendment. Dkt. 9 at 6. In support, the petition states: "See Judicial Notice in support of 2241 petition." *Id.* The petition also states that "this action is the appeal of the [Everett] District Court denial of my First Amendment U.S. Const." *id. at 3*, and "Butsch further objects to any magistrate judge recharacterizing this 2241 petition as a 2254 petition. This is a 2241 petition, Castro v. United States, 540 U.S. 375, 377-83 (2003)." *Id.* at 7.

Petitioner attached several exhibits to habeas petition. The first set of exhibits includes a letter to the Everett District Court dated February 19, 2024, indicating a District Court Order has temporarily suspended Petitioner's phone privilege and requesting the Court note, the letter, a declaration of service, a notice of appearance, and motions for Brady Order, evidentiary hearing, judicial notice and stand-by counsel. *See* Dkt. 9 Exhibit 1. Copies of the matters Petitioner requested the Everett District Court note are also included in the exhibit.

When Petitioner initially filed his habeas petition on April 10, 2024, he also submitted a "motion to certify" the following question:

> Does the proper designation of judicial officers in Article III preclude a superior Court Judge from imposing a criminal sentence without a District Court arrest warrant?

*See* Dkt. 1, Exhibit 5.

Lastly, Petitioner submitted a pleading entitled "Prayer for Relief" which states:

> Petitioner, Butsch, requests this Court remand this matter to the Everett District Court, of Snohomish County with instructions to accept for filing and determination of the motions set forth in the MOTION REQUESTING JUDICIAL NOTICE IN SUPPORT OF 28 U.S.C. § 2241.

REPORT AND RECOMMENDATION - 2

> In the alternative Petitioner asks this Court to retain supervisory jurisdiction by entering the merits of the 18 U.S.C. § 2241 motion based on exhaustion principles regarding his attempt to exercise his First Amendment right to seek review in the Everett District Court, of Snohomish County.

*See* Dkt. 9, Exhibit 2, Prayer for Relief.

Petitioner also filed separately a motion requesting judicial notice that he filed certain pleadings in the Everett District Court, Dkt. 10, and a motion to certify, which appears to be a duplicate of Dkt. 11.

Petitioner's § 2241 habeas petition thus raises several different claims. The specific ground for relief the petition raises is "Unlawful Seizure – Fourth Amendment. Dkt. 9 at 6. Although the basis of this claim is not well articulated, the motion for certified question (Dkt. 1, Exhibit 5) suggests Petitioner challenges his underlying Snohomish County Superior Court conviction and sentence on the grounds a superior court judge cannot impose a criminal sentence absent an arrest warrant issued by an Article III federal judge. This suggestion is bolstered by Petitioner's motion for evidentiary hearing in the Everett District Court which requests a hearing to determine "whether [petitioner's] arrest warrant violates the constitutional requirement that probable cause be drawn by a neutral and detached Magistrate Judge." Dkt. 9, Exhibit 1 at 5.

The § 2241 habeas petition also seeks mandamus relief in that it requests this Court to order the Everett District Court to adjudicate the state pleadings that Petitioner submitted or adjudicate the merits of the pleadings that Petitioner submitted to the Everett District Court.

The Court has screened this action under both 28 U.S.C. § 1915A(a) and Habeas Rule 4. The Court must dismiss claims contained in a civil complaint that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). Under Rule 4 of the Rules Governing § 2254 habeas cases, the Court must perform a preliminary review of a habeas petition, and

REPORT AND RECOMMENDATION - 3

should dismiss a habeas petition, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

For the reasons below, the Court recommends this action be DISMISSED with prejudice. Leave to amend should be denied because no amendment would cure the deficient pleadings submitted and amendment would be futile. The Court should strike Petitioner's motion to certify a question to the State Supreme Court, and motions requesting judicial notice in support of 2241 petition, Dkt. 10 and motion to certify, Dkt. 11, as moot.

**CURRENT HABEAS PETITION AND PRIOR ACTIONS**

Petitioner alleges in his § 2241 habeas petition that he is incarcerated at Stafford Creek Corrections Center and serving the sentence imposed on November 8, 2005 by the Snohomish County Superior Court, in case number 04-1-00212-0.

Petitioner alleges he filed in the Everett District Court several pleadings and his present § 2241 petition constitutes an immediate appeal of that court's denial to process his filings. Dkt. 9 at 2. The § 2241 petition raises one ground for relief: "unlawful seizure."

The present habeas petition is not the first federal habeas petition Petitioner has submitted to this Court regarding the conviction and sentence imposed in Snohomish County Superior Court case number 04-1-00212-0. The Court's records show that in 2012, Petitioner filed a § 2254 habeas petition challenging this conviction. *See Butsch v. Fraker*, 2:12-cv-00065-JLR. On April 1, 2013, the Court dismissed the § 2254 petition and denied issuance of a certificate of appealability. *See* Dkt. 41 and 42 (2012 case). Petitioner filed a notice of appeal to the Court of

1  Appeals for the Ninth Circuit and the Court denied issuance of a certificate of appealability on

2  May 15, 2023 which finalized the dismissal. *Id.* at Dkt. 50.

3  **DISCUSSION**

4  Petitioner's request for federal habeas relief should be dismissed with prejudice for

5  several reasons.

6  First, Petitioner implies the Court should grant him § 2241 relief because the Snohomish

7  County Superior Court lacked the authority to enter judgment and sentence because the seizure

8  warrant issued in Petitioner's case was not issued by an Article III federal judge. As Petitioner

9  states in the "Motion for Evidentiary Heating in District Court," he "moves this Court pursuant

10 to the Fourteenth Amendment right against unlawful seizure of his person to make a

11 determination of whether his arrest warrant violates the constitutional requirement that probable

12 cause be drawn by a neutral and detached magistrate judge." Dkt. 9 Exhibit 1.

13 This contention is meritless. Federal law does not bar Washington State from permitting

14 state court judges to issue arrest or seizure warrants. *See e.g., State v. Hatchie*, 161 Wn.2d. 390,

15 395-96 (2007) ("Under both federal and Washington State law a felony arrest warrant gives the

16 police the authority to enter the house of the accused.").

17 Additionally, it appears Petitioner filed a § 2241 habeas petition challenging his arrest

18 with the suggestion that this challenge is somehow separate and distinct from a challenge to his

19 underlying Snohomish County Superior Court judgment. Petitioner's § 2241 claim implies the

20 sole reason he is serving his present prison sentence is because he was unlawfully arrested. This

21 is a frivolous claim because Petitioner is not serving a sentence merely because he was arrested

22 but because he was convicted and sentenced following his arrest. Petitioner admits as much by

23 claiming the state court lacked the authority to enter judgment and impose the prison sentence he

REPORT AND RECOMMENDATION - 5

is now serving due to a defective warrant. Petitioner's habeas petition is thus nothing less than a direct challenge to Petitioner's underlying state court conviction and sentence and such challenges must be brought under 28 U.S.C § 2254, not § 2241.

Petitioner claims under *Castro v. United States.* 540 U.S. 375 (2003), the Court should not recharacterize his §2241 petition as a § 2254 petition. *Castro* is inapplicable. *Castro* indicates a federal court that recharacterizes a *pro se* pleading should provide notice to the litigant to avoid prejudice. The specific prejudice in *Castro* was how recharacterizing a Rule 33 motion for new trial as a § 2255 motion, could result in a bar on filing a second or successive § 2255 motion.

Here, Petitioner is serving a lengthy prison sentence. He contends the state court lacked the authority to impose judgment and sentence and seeks release. This remedy is available only under § 2254. Petitioner has already sought § 2254 relief and has already been denied § 2254 relief.  He thus suffers no prejudice by recharacterizing his § 2241 petition as one seeking § 2254 relief.

Moreover, because Petitioner is imprisoned pursuant to a state court criminal judgement, relief is available only under § 2254 even if he is <u>not</u> challenging his underlying state court conviction. *See Dominguez v. Kernan,* 906 F.3d 1127, 1135 (9th Cir. 2018) ("Because § 2254 limits the general grant of habeas relief under § 2241, it 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'" *White*, 370 F.3d at 1009–10. 'By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment – for example, a defendant in pre-trial detention or awaiting extradition.'" *Id.* at 1006.).").

In short, Petitioner is ultimately challenging his underlying state court judgment and sentence and such relief is available only under § 2254, not § 2241. However, Petitioner is time barred from bringing a § 2254 federal habeas corpus petition. A § 2254 habeas petition filed by persons imprisoned under a state court judgment is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the state supreme court, the direct review process concludes upon expiration of time for seeking review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, 132 S. Ct. at 653-54.

Petitioner was sentenced in 2005 and as noted above filed a § 2254 habeas petition in this court in 2012 which was dismissed in 2013. The filing of a §2254 federal habeas corpus petition

REPORT AND RECOMMENDATION - 7


does not toll the limitations period set forth under § 2244. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Hence the limitations period started running no later than 2012 and continued to run for more than one year when Petitioner filed the present habeas petition on March 10, 2024. As it is clear Petitioner's state judgment was final more than one year ago, and the limitations period has not been tolled, Petitioner is time-barred from seeking § 2254 relief.

The present habeas petition also does not raise claims that are exempt from the statute of limitations. Petitioner claims the Snohomish County Superior Court lacked authority to impose judgment because he was arrested without a warrant issued by a magistrate judge. This is an allegation that Petitioner knew about or should have known about at the time of arrest in and the time he went to trial. There is thus no statutory or equitable ground to excuse Petitioner's failure to bring his claim in a timely manner.

The present habeas petition is also barred because it is a second or successive request for habeas relief from a state court judgment and sentence. "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a state court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1)." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). The statute provides:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

This provision creates a "gatekeeping" mechanism for the consideration of second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas

1  application in the district court." *Id*. The petitioner must make a prima facie showing the
2  application satisfies the requirements of 28 U.S.C. § 2244(b). *Id*. If the petitioner does not satisfy
3  this "gatekeeping" requirement, and does not obtain permission to file the petition, "the District
4  Court was without jurisdiction to entertain it." *Burton*, 549 U.S. at 153.
5      This Court previously dismissed Petitioner's requests for § 2254 habeas relief with
6  prejudice, triggering the provisions of 28 U.S.C. § 2244(b) for a subsequently filed petition.
7  Petitioner has failed to show that his present petition is not subject to § 2244(b). Accordingly,
8  this Court has no jurisdiction to grant § 2254 habeas relief. The matter should not be transferred
9  to the Ninth Circuit for consideration as an application for leave to file a successive petition
10 under Ninth Circuit Rule 22-3(a), because Petitioner's request for habeas relief is time-barred
11 and should be dismissed for that reason alone.
12     The Court should also dismiss the present habeas petition because it lacks the authority to
13 grant the relief Petitioner requests. Petitioner requests:

> this Court remand this matter to the Everett District Court with
> instructions to accept for filing and determination of the motions
> set forth in the MOTION REQUESTING JUDICIAL NOTICE IN
> SUPPORT OF 28 U.S.C. § 2241.  In the alternative Petitioner asks
> this Court to retain supervisory jurisdiction by entering the merits
> of the 18 U.S.C. § 2241 motion based on exhaustion principles
> regarding his attempt to exercise his First Amendment right to seek
> review in the Everett District Court, of Snohomish County.

     Under 28 U.S.C. § 1651, federal courts may issue writs "in aid of their respective
jurisdictions." This court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of
mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or
employee of the United States or any agency thereof to perform a duty." 28 U.S.C. § 1361.
     Title 28 U.S.C. § 1651(a) does not vest a federal district court with the authority to
compel performance of a state court, judicial officer, or another state official's duties under any

circumstances. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (11th Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). Thus, a petition for mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law. *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-72 (9th Cir. 1991) (explaining "to the extent that [petitioner] attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law"); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties).

Here, Petitioner's request for relief amounts to a request the Court issue a writ of mandamus ordering the Everett District Court to accept his state court pleadings and determine the requests contained in his pleadings. This Court lacks jurisdiction over such a request and the habeas petition should thus be dismissed.

The Court notes Petitioner also requests this Court to grant relief regarding a First Amendment claim that he has a right to seek review in the Everett District Court. To the extent Petitioner seeks some form of relief under 42 U.S.C § 1983, for federal violations, the action is untimely and barred under *Heck, v. Humphrey*, 512 U.S. 477, 486 (1994). Section 1983 does not contain a statute of limitations, and federal courts thus apply the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*.

Here, Petitioner requests the court to address matters related to his arrest by state authorities that occurred before his 2005 state criminal conviction and sentence. These matters

REPORT AND RECOMMENDATION - 10

all occurred and were finalized outside of the three-year statute of limitations. The claims, if construed as a violation of federal rights under § 1983 should therefore be dismissed as untimely.

Additionally, this action if viewed as a § 1983 claim for violation of the First Amendment is also barred under *Heck, v. Humphrey,* 512 U.S. 477, 486 (1994). The *Heck* decision precludes a prisoner's § 1983 claim that, if successful, would invalidate a conviction or sentence "where that conviction [or sentence] has not been reversed, expunged or called into question by issuance of a writ of habeas corpus." *Id*. at 486-87. Here, petitioner claims the Everett County Superior Court lacked the authority to enter judgment and sentence and requests the Court to "enter the merits" of his habeas petition. Ostensibly, this is the claim Petitioner is asking the Everett District Court to entertain. Petitioner's request is a direct challenge to his state judgment and sentence and is thus barred under *Heck*.

In sum, the Court recommends this action be **DISMISSED** with prejudice for the reasons set forth above. Although petitioner proceeds *pro se* the Court should dismiss the matter now rather than grant petitioner leave to amend. The Court finds that leave to amend would be futile because the deficiencies contained in petitioner's action cannot be cured by any amendment. The Court also finds no basis to certify questions to the state supreme court. There is no question to certify because Petitioner is not entitled to habeas relief. Petitioner also filed motions requesting judicial notice in support of 2241 petition, Dkt. 10 and motion to certify, Dkt. 11. These motions should be stricken as moot.

## CERTIFICATE OF APPEALABILITY

Although Petitioner has couched his claim for relief as brought under § 2241, the relief he seeks is available only under § 2254. A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability

REPORT AND RECOMMENDATION - 11

("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree claims brought under 28 U.S.C. § 2254 are untimely and are barred as second or successive. Further no reasonable jurist would disagree that Petitioner's claims challenging his arrest which occurred before his 2005 conviction are claims he knew about or should have known about; there thus is no basis to conclude Petitioner is entitled to equitable tolling or that his claims are based upon newly discovered evidence or new law made retroactive on collateral review. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **May 10, 2024.** The Clerk shall note the matter for **May 10**, **2024** as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

/

/

DATED this 26th day of April, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13