UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAYTON E. BUTSCH,<br><br>                  Petitioner,<br><br>   v.<br><br>JASON BENNETT,<br><br>                  Respondent. | CASE NO. C24-0482JLR-BAT<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.  INTRODUCTION

Before the court is Magistrate Judge Brian A. Tsuchida's report and recommendation, in which he recommends dismissal of *pro se* Petitioner Clayton E. Butsch's 28 U.S.C. § 2241 petition for a writ of habeas corpus.  (R&R (Dkt. # 13).)  The court construes the two motions Mr. Butsch filed on April 30, 2024, as together constituting Mr. Butsch's objections to the report and recommendation.  (Obj. 1 (Dkt. # 17); Obj. 2 (Dkt. # 18).)  The court has considered the report and recommendation, Mr. Butsch's objections, the relevant portions of the record, and the governing law.  Being

ORDER - 1

fully advised, the court ADOPTS Magistrate Judge Tsuchida's report and recommendation and DISMISSES Mr. Butsch's petition without leave to amend.

## II.   BACKGROUND

The court ADOPTS in full the background set forth in the report and recommendation. (*See* R&R at 1-5.)

On April 10, 2024, Mr. Butsch filed a proposed § 2241 petition and motion for leave to proceed *in forma pauperis* ("IFP"). (IFP Mot. (Dkt. # 1).) On April 15, 2024, Magistrate Judge Tsuchida filed a report and recommendation recommending denial of Mr. Butsch's IFP motion because his prison trust account showed that he could pay the $5.00 filing fee. (IFP R&R (Dkt. # 4).) The court adopted the report and recommendation on April 16, 2024. (4/16/24 Order (Dkt. # 5).) On April 24, 2024, Mr. Butsch paid the filing fee and filed two additional motions: (1) a motion to grant his first motion to proceed IFP and (2) a "motion to waive Magistrate Judge." (*See* 4/24/24 Dkt. Entry; 2d IFP Mot. (Dkt. # 6); Waiver Mot. (Dkt. # 7).) On April 25, 2024, the court construed Mr. Butsch's motions together as a motion for reconsideration of the April 16, 2024 order, denied the motion, and referred the matter to Magistrate Judge Tsuchida for further proceedings. (4/25/24 Order (Dkt. # 12).)

Magistrate Judge Tsuchida filed his report and recommendation on April 26, 2024. (R&R.) Mr. Butsch filed his objections on April 30, 2024. (Obj. 1; Obj. 2.) On May 3, 2024, Mr. Butsch filed a notice of appeal of the report and recommendation and a request for a certificate of appealability. (NOA (Dkt. # 19).) Because a report and recommendation is not an appealable order, Mr. Butsch's premature notice of appeal does

not divest this court of jurisdiction over this matter. *See Burnside v. Jacquez*, 731 F.3d 874, 875 (9th Cir. 2013) ("A notice of appeal from a magistrate judge's report and recommendation is ineffective."); (*see also* R&R at 12 (instructing Mr. Butsch that he "should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case")). Therefore, the court proceeds below to evaluate the report and recommendation and Mr. Butsch's objections thereto.

### III.   ANALYSIS

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Mr. Butsch is proceeding *pro se*, the court must interpret his petition and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Magistrate Judge Tsuchida recommends, correctly, that the court construe Mr. Butsch's purported § 2241 habeas petition as a § 2254 petition. (R&R at 5-6 (citing *Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018) (explaining that § 2254 is "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a

state court judgment," while § 2241 is "available for challenges by a state prisoner who is not in custody pursuant to a state court judgment" (internal citations omitted))).) Magistrate Judge Tsuchida recommends dismissing the petition because it (1) is time-barred; (2) is a second or successive request for relief over which the court lacks jurisdiction under 28 U.S.C. § 2244(b); (3) requests relief the court cannot grant; and (4) is untimely or precluded to the extent Mr. Butsch raises civil rights claims under 42 U.S.C. § 1983.  (*See* R&R at 5-11. )

      Mr. Butsch makes two objections.  First, he asks the court "to apply *Cone v. Bell*, 556 U.S. 449, 472 (2009), to his 2241 petition." (Obj. 1.)  He cites *Cone* for the principle that "[a]ny federally reviewable claim that was not adjudicated on the merits in state court is reviewed de novo[.]" (*Id.*)  He also points the court to *Williams v. Taylor*, 529 U.S. 362, 391 (2000), "so there won't be an analysis that is (1) not only 'contrary to,' or 'involve an unreasonable application of . . .' clearly established federal law as determined by the United States Supreme Court." (Obj. 1.)  Second, Mr. Butsch asks the court "to apply *Ornelas v. United States*, 517 U.S. 690[, 696-97] (1996), to his arrest warrant." (Obj. 2.)  He goes on to say that "[t]he first part of the analysis involves only a determination of historical facts, but the second is a mixed question of law and fact, also pursuant to [*Williams*], so there won't be an analysis that is (1) not only 'contrary to,' or 'involve an unreasonable application of . . .' clearly established federal law as determinedby the United States Supreme Court." (*Id.*)  Mr. Butsch, however, does not identify which portions of the report and recommendation he is challenging, nor does he explain how the application of *Cone* and *Ornelas* would affect the court's review. (*See*

*generally* Obj. 1; Obj. 2.) Indeed, neither *Cone* nor *Ornelas* addresses the timeliness and procedural deficiencies discussed in the report and recommendation. Thus, having reviewed Magistrate Judge Tsuchida's report and recommendation de novo, the court independently agrees with the analysis set forth therein and ADOPTS the report and recommendation in is entirety.

## IV. CONCLUSION

For the foregoing reasons, the cout ORDERS as follows:

1. The court ADOPTS the report and recommendation (Dkt. # 13) and DISMISSES Mr. Butsch's habeas petition (Dkt. # 9) without leave to amend;

2. The court DENIES issuance of a certificate of appealability for the reasons set forth in the report and recommendation;

3. The court STRIKES Mr. Butsch's motion requesting judicial notice (Dkt. # 10) and motion to certify (Dkt. # 11[1]) as moot; and

4. The court DIRECTS the Clerk to send copies of the order to Mr. Butsch and Magistrate Judge Tsuchida.

Dated this 13th day of May, 2024.

JAMES L. ROBART
United States District Judge

---

[1] Although the docket refers to this document as a motion to certify, the document appears to be a second copy of the motion requesting judicial notice. (*Compare* Dkt. # 10, *with* Dkt. # 11.)